UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Johanna Torres a/k/a Johanna Yorro, individually and on behalf of all others similarly situated;<br><br>                                     Plaintiff,<br><br><br><br><br><br>     -v.-<br><br>Jefferson Capital Systems, LLC,<br><br>Progressive Legal Support Inc.,<br><br>                        Defendant(s). | Civil Action No: **1:23-cv-991**<br><br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Johanna Torres a/k/a Johanna Yorro (hereinafter, "Plaintiff"), a New York resident, brings this Class Action Complaint by and through her attorneys, Stein Saks, PLLC, against Defendant Jefferson Capital Systems, LLC (hereinafter "Jefferson"), and Defendant Progressive Legal Support Inc. (hereinafter "Progressive") (Jefferson and Progressive collectively, "Defendants"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

## INTRODUCTION/PRELIMINARY STATEMENT

1.      Congress enacted the Fair Debt Collection Practices Act (the "FDCPA") in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to

1

material instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws...[we]re inadequate to protect consumers," and that "'the effective collection of debts' does not require 'misrepresentation or other abusive debt collection practices.'" 15 U.S.C. §§ 1692(b) & (c).

2.     Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." Id. § 1692(e). "After determining that the existing consumer protection laws ·were inadequate." Id. § l692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. Id. § 1692k.

### JURISDICTION AND VENUE

3.     The Court has jurisdiction over this class action pursuant to 15 U.S.C. § 1692 et. seq. and 28 U.S.C. § 2201.  The Court has pendent jurisdiction over the State law claims in this action pursuant to 28 U.S.C. § 1367(a).

4.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as this is where the Plaintiff resides as well as where a substantial part of the events or omissions giving rise to this claim occurred.

### NATURE OF THE ACTION

5.     Plaintiff brings this class action on behalf of a class of New York consumers under §1692 et seq. of Title 15 of the United States Code, commonly referred to as the FDCPA, and

6.     Plaintiff is seeking damages and declaratory relief.

### PARTIES

7.     Plaintiff is a resident of the State of New York, County of Richmond.

8.     Defendant Jefferson is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA with an address for service care of Corporation Service Company, 80 State Street, Albany, New York 12207.

9.     Upon information and belief, Jefferson is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due itself or another.

10.     Defendant Progressive is a debt collector in relation to collection activities regarding the writing and production of affidavit(s) of service with an address for service located at 99 W Hawthorne Ave, Suite 418, Valley Stream, New York, 11580.

## CLASS ALLEGATIONS

11.     Plaintiff brings this claim on behalf of the following class, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

12.     The Class consists of:

    a.   all individuals with addresses in the State of New York;

    b.   for whom Defendant Jefferson filed a lawsuit attempting to collect a consumer debt;

    c.   and used Defendant Progressive as the process server;

    d.   for which Defendant Progressive submitted a false affidavit of service to the Court that resulted with entry of a default money judgment;

    e.   which default money judgment was entered by the court on or after a date one (1) year prior to the filing of this action and on or before a date twenty-one (2l) days after the filing of this action.

13.    The identities of all class members are readily ascertainable from the records of Defendants and those companies and entities on whose behalf they attempt to collect and/or have purchased debts.

14.    Excluded from the Plaintiff Class are the Defendants and all officer, members, partners, managers, directors and employees of the Defendants and their respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

15.    There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendants' practice of "sewer service", violates 15 U.S.C. §§ l692e and 1692f.

16.    The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories. The Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor her attorneys have any interests, which might cause them not to vigorously pursue this action.

17.    This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

       a.    **<u>Numerosity:</u>** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

b. **<u>Common Questions Predominate:</u>** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions predominate over any questions or issues involving only individual class members. The principal issue is whether the Defendants' actions in achieving default money judgments on collection claims violate 15 USC §§ l692e and 1692f.

c. **<u>Typicality:</u>** The Plaintiff's claims are typical of the claims of the class members. The Plaintiff and all members of the Plaintiff Class have claims arising out of the Defendants' common uniform course of conduct complained of herein.

d. **<u>Adequacy:</u>** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are averse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor her counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

e. **<u>Superiority:</u>** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

18.     Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

19.     Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## **FACTUAL ALLEGATIONS**

20.     Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered above herein with the same force and effect as if the same were set forth at length herein.

21.     At a date better known to Defendant Jefferson, the Plaintiff incurred the subject debt to Capital One National Association ("Capital One").

22.     Upon information and belief, the underlying obligation arose out of transactions in which money, property, insurance or services which were the subject of the transactions were primarily for personal, family or household purposes.

23.     Capital One is a "creditor" as defined by 15 U.S.C. §1692a(4).

24.     Upon information and belief, through one or more transactions, Jefferson acquired the rights to collect this defaulted consumer debt from Capital One.

25.     Defendant Jefferson collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and internet.

## *Collection Suit, Improper Service Affidavit & Garnishment*

26.     On or about January 2023, the Plaintiff received a copy of a notice of garnishment with income execution prepared by Jefferson ("Garnishment") stemming from a default money judgment entered in Jefferson's favor on November 17, 2022.

27.     Plaintiff was shocked to have received this correspondence since she had never been served with a lawsuit.

28.     Upon receipt of the Garnishment, Plaintiff investigated the circumstances around Jefferson's default money judgment.

29.     The referenced lawsuit was captioned Jefferson Capital Systems, LLC v. Johanna Yorro, Index Number CV-2833-21/RI, filed in the City Court of the City of New York, County of Richmond, by Defendant Jefferson ("Collection Suit").

30.     The Collection Suit file contained an affidavit of service ("Affidavit"). (See Affidavit attached as Exhibit A).

31.     This Affidavit was written and attested to by Defendant Progressive.

32.     Within this Affidavit it is attested that after three (3) unsuccessful attempts to serve Plaintiff on June 19, 2021, June 24, 2021 and July 2, 2021, Plaintiff was served on July 2, 2021 by affixing the summons and formal complaint to the door of Plaintiff's residence.

33.     However, Plaintiff had/has a camera on the door to her home at the time of alleged service attempts and was never served or approached by any process server during those times and furthermore, never had anything attached to her door.

34.     Moreover, Plaintiff never received a copy of the summons and formal complaint that was allegedly mailed to her on July 7, 2021, pursuant to the Affidavit.

35.    Thus, Plaintiff did not discover the Collection Suit with its default money judgment and faulty service until receiving notice of the Garnishment. (See Garnishment attached as Exhibit B).

36.    These deficiencies are clear examples of a pattern of "sewer service," in an attempt to quickly obtain default money judgments.

37.    Defendant Jefferson, knowingly used this false Affidavit in the furtherance of proceeding with the Collection Suit litigation.

38.    Thus, the Collection Suit is fraudulent, or at least negligent, on its face.

39.    Additionally, the Garnishment is fraudulent, or at least negligent, on its face.

40.    Moreover, the Affidavit is fraudulent on its face.

41.    Such service is a nullity and no personal jurisdiction is obtained.

42.    Defendants maliciously procured this false service.

43.    Accordingly, Plaintiff never received service or notice that the Collection Suit was filed against her, and was robbed of the opportunity to properly defend herself against the allegations contained in the Collection Suit.

44.    Plaintiff sustained an injury in that she now has suffered emotional distress, including shock, anxiety and restlessness, as a result of the wrongful Garnishment and Collection Suit discovery for which she did not receive proper service.

45.    Plaintiff has been financially harmed by the Defendants' improper acts because of the wrongful Garnishment of her funds as a result of same.

46.    Plaintiff has been reputationally harmed because of the wrongful Garnishment, as well as the Collection Suit, appearing in the public record and/or Plaintiff's credit report as a result of Defendants' improper acts.

42.     Moreover, Plaintiff spent time and money when she became aware of Defendants' improper debt collection.

43.     Plaintiff spent this trying to determine how much the alleged debt was in reality.

44.     Plaintiff spent this trying to determine the course of events that resulted with a default money judgment and Garnishment.

45.     Plaintiff spent this seeking and reviewing the filings made in the Collection Suit.

46.     Plaintiff spent this trying to determine whether the collection was a scam or legitimate.

47.     Plaintiff spent this trying to mitigate the risk of future financial harm in the form of a continuously growing judgment balance.

48.     Plaintiff spent this trying to mitigate the risk of future financial harm in the form of dominion and control over her wages.

49.     Plaintiff spent this trying to mitigate the risk of second order financial harm in the form of missed payments to third parties because of wage Garnishment.

50.     Thus, as a direct result of reliance on Defendants' improper debt collection described above, a financial, emotional and reputational detriment was suffered.

51.     Congress is empowered to pass laws and is well-positioned to create laws that will better society at large.

52.     The harms caused by the Defendants have a close relationship to harms traditionally recognized as providing a basis for a lawsuit in American courts.

53.     As it relates to this case, the common-law analogues are to the traditional torts of fraud, misrepresentation, malicious prosecution, wrongful use of civil proceedings, abuse of process, intimidation, negligent infliction of emotional distress, conversion and defamation.

54.    The common-law torts of malicious prosecution, wrongful use of civil proceedings, and abuse of process cause harm as the individual is compelled to defend against a fabricated claim which subjects her to a panoply of psychological pressure; a normal person subjected to this suffers at least some damages.

55.    A party may pursue a wrongful civil litigation claim without showing any special kind of injury.

56.    Conceptually, the tort of fraud is an interference with another's interest in being able to make certain kinds of decisions in certain settings free of misinformation generated by others.

57.    Intimidation includes "unlawful coercion" and "putting [another] in fear". Black's Law Dictionary 1990.

58.    The fear of the victim need not be so great as to result in terror, panic, or hysteria. Id.

59.    For purposes of this action, only a close relationship to common-law harm is needed, not an exact duplicate.

60.    Plaintiff is entitled to receive proper notice of the character, legal status and amount of the debt, as required by the FDCPA.

61.    Defendants failed to effectively inform the Plaintiff of this information, and in fact, attempted to conceal it in violation of the law.

62.    These violations by the Defendants were unconscionable, knowing, willful, negligent, reckless and/or intentional, and the Defendants did not maintain procedures reasonably adopted to avoid any such violations.

63.    Defendants' collection efforts with respect to this alleged debt from the Plaintiff caused the Plaintiff to suffer concrete and particularized harm, inter alia, because the FDCPA provides the Plaintiff with the legally protected right to not to be misled or treated unfairly with respect to any action for the collection of any consumer debt.

64.    Defendants' deceptive, misleading and unfair representations with respect to their collection efforts were material misrepresentations that affected and frustrated the Plaintiff's ability to intelligently respond to the Defendants' collection efforts because the Plaintiff could not adequately respond to the Defendants' demand for payment of this debt.

65.    Defendants' actions created an appreciable risk to the Plaintiff of being unable to properly respond to, or handle, Defendants' debt collection.

66.    As described above, Plaintiff was misled to a financial detriment by the Defendants' misrepresentations, and relied on the Defendants' misrepresentations to a financial detriment.

67.    As described above, Plaintiff would have pursued a different course of action were it not for the Defendants' violations.

68.    Plaintiff has suffered wasted time, money and annoyance because of the Defendants' misrepresentations and omissions concerning the character, legal status and amount of the debt.

69.    Plaintiff has expended, and continues to expend, time and money because of the Defendants' misrepresentations and omissions concerning the character, legal status and amount of the debt.

70.    Accordingly, the funds that could have been used to satisfy this purported debt and ultimate judgment, were prioritized elsewhere.

71.    As a result of Defendants' deceptive, misleading and unfair debt collection practices, Plaintiff has been damaged.

### COUNT I
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15  U.S.C. §1692e *et seq.*

72.    Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

73.    Defendants' debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. §1692e.

74.    Pursuant to 15 U.S.C. §1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

75.    Defendants violated said section

    a.    by using the false Affidavit in furtherance of ongoing Collection Suit and ultimately to support the Garnishment in violation of §1692e(10); and

    b.    by falsely representing the character, amount or legal status of the debt in violation of §1692e(2)(A);

76.    By reason thereof, Defendants are liable to Plaintiff for judgment that Defendants' conduct violated Section 1692e et seq. of the FDCPA, actual damages, statutory damages, costs and attorney's fees.

### COUNT II
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692f *et seq.*

77.    Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

78.     Defendants' debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692f.

79.     Pursuant to 15 U.S.C. §1692f, a debt collector may not use any unfair or unconscionable means in connection with the collection of any debt.

80.     Defendants violated this section by creating, and using the false Affidavit.

81.     By reason thereof, Defendants are liable to Plaintiff for judgment that Defendants' conduct violated Section 1692f et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## DEMAND FOR TRIAL BY JURY

82.     Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Johanna Torres a/k/a Johanna Yorro, individually and on behalf of all others similarly situated, demands judgment from Defendants as follows:

1.     Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, and Robert Yusko, Esq. as Class Counsel;

2.     Awarding Plaintiff and the Class statutory damages;

3.     Awarding Plaintiff and the Class actual damages;

4.     Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

5.     Awarding pre-judgment interest and post-judgment interest; and

6.      Awarding Plaintiff and the Class such other and further relief as this Court may

deem just and proper.

Dated: Hackensack, New Jersey
        February 7, 2023

                                                /s/ Robert Yusko
                                                By:  Robert Yusko
                                                **Stein Saks PLLC**
                                                One University Plaza, Ste. 620
                                                Hackensack, NJ 07601
                                                Phone: (201) 282-6500
                                                Fax: (201) 282-6501
                                                *Attorneys For Plaintiff*